UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| American Crystal Sugar Company,<br><br>Plaintiff,<br><br>vs.<br><br>Biwer & Associates, Inc.,<br><br>Defendant. | Civil File No: 0:19-cv-02319-ECT/LIB<br>Case Type: CONTRACT<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT** |

## INTRODUCTION

Plaintiff American Crystal Sugar Company (American Crystal) entered into three contractual agreements with Defendant Biwer & Associates (Biwer) under which the latter would supply and implement a new software system for American Crystal's business operations. Partway through the project, American Crystal terminated the contract and commenced this lawsuit against Biwer alleging claims of breach of contract, fraudulent misrepresentation and negligent misrepresentation. But American Crystal's Complaint is so vague in its assertions of fraud that Biwer is unable to reasonably formulate a responsive answer. Left unanswered in the Complaint were basic questions about the identity of each fraudulent speaker (who), the content of each fraudulent statement (what) and the date and location of each fraudulent statement (when and where). In order to obtain these basic details to allow a meaningful response – details required for a properly pled fraud claim under Rule 9(b) – Biwer has filed this Rule 12(e) motion for a more definite statement.

1

## RECORD

In support of this motion, Biwer submits the Affidavit of Timothy Carrigan, which includes true and correct copies of the following attached exhibits:

Exhibit 1:   Plaintiff's Complaint (ECF Doc. #1), not including its attached exhibits consisting of written agreements.

Exhibit 2:   Email exchange between attorneys Timothy Carrigan and Timothy O'Shea

## BACKGROUND[1]

Plaintiff American Crystal Sugar Company is an agricultural cooperative specializing in the production of sugar and related agriproducts. (Ex. 1, Complaint ¶ 5). It is the largest beet sugar producer in the United States. (Id.). In the summer of 2017, American Crystal began an initiative to replace its old software system with a single enterprise resource planning (ERP) software platform. (Id. ¶ 11).

American Crystal assembled a team of at least nine employees to conduct the selection process for the new ERP software system for American Crystal's business, which included reviewing proposals with, attending meetings with, and observing software demonstrations by competing vendors. (Id. ¶¶ 12-15). Defendant Biwer & Associates, Inc. is a software development company that implements its proprietary software. (Id. ¶ 2). In the fall of 2017, American Crystal met with representatives of Biwer and other vendors to learn more about their software solutions. (Id. ¶ 12).

---

[1] Biwer's description of the background information in this memorandum mostly comes from Plaintiff's Complaint. This background is offered only for the purpose of this motion. It is not intended as a concession that any of the factual allegations in the Complaint are true.

In April 2018, American Crystal issued a written Request for Proposal (RFP) reflecting the company's criteria for selecting a vendor. (Id. ¶ 16). The criteria included "requisite industry-specific and ERP implementation experience and skills." (Id. ¶ 16). American Crystal "made clear in its vendor selection materials that it wanted a solution that would be easily and readily deployed to run its business processes and allow American Crystal to more easily maintain, support, and enhance the system in the future." (Id. ¶ 17). After issuing the RFP, American Crystal narrowed its field of potential software implementers to Biwer and one other company. (Id. ¶ 19).

On or about June 21, 2018, Biwer submitted its written project proposal to replace American Crystal's old software system with Biwer's proprietary software system called "Commodity Procurement System" (CPS). (Id. ¶¶ 20-21).

American Crystal selected Biwer as the vendor to complete the project in November 2018. (Id. ¶ 36). "In making its decision to select Biwer as the system implementer for the Project, American Crystal relied on the representations detailed above." (Id.). On January 19, 2019, American Crystal and Biwer entered into a Contract Services Agreement and Software License Agreement with Biwer. (Id. ¶ 37). On March 13, 2019, American Crystal and Biwer entered into a Statement of Work (SOW) agreement, which described the software development services to be provided by Biwer with "qualified technical personnel." (Id. ¶ 37-39). Together, the SOW, the Contract Services Agreement and the Contract License Agreement formed the parties' written contract for the project. (Id. ¶37).

Biwer began completing the project and American Crystal paid for the software

3

implementation services, software license fees and hardware needed to run the CPS software system that Biwer promised. (Id. ¶¶ 39-40). According to the Complaint, American Crystal has never been able to use the CPS system because Biwer failed to complete any of the 15 milestones for the project as set forth in the SOW. (Id. ¶¶ 39-40). As alleged by American Crystal, "From the very beginning, the Project was riddled with delays caused by Biwer's inability to gather and understand American Crystal's business requirements." (Id. ¶ 43). "Biwer's work on the Project, not only breached the Agreements, but ultimately revealed that the pre-contract representations it made to induce American Crystal to enter into the Agreements were false." (Id. ¶ 48). "Because of Biwer's fraudulent misrepresentations and continued failures to meet its contractual obligations," American Crystal decided to terminate its agreements with Biwer and took the steps to do so. (Id. ¶¶ 68-73). As damages, American Crystal seeks to recover the $202,978.08 it paid to Biwer for implementation fees, $544,835 paid for software licensing fees for a total amount of $747,813.08. (Id. ¶ 75).

American Crystal's Complaint against Biwer includes three causes of action: (1) breach of contract; (2) fraudulent misrepresentation; and (3) negligent misrepresentation. (Id. ¶¶ 76-100). The fraud claim is set forth in paragraphs 86 through 91 of the Complaint. The thrust of the claim is stated as follows:

> As set forth above, commencing on or about June 1, 2018 and continuing through the relationship, Biwer, through individuals including Biwer's President, Robert A. Biwer, Jr., and others, made multiple material and false representations to employees of American Crystal, including without any limitation or exclusion, the following: (a) Biwer had the capability and/or intention to provide consultants who had the necessary skills, experience, and industry expertise in agricultural cooperatives; (b) Biwer

4

> had the capability, skills, and industry expertise to understand, gather, and document American Crystal's complex business processes and requirements; (c) Biwer had the capability, skills, and experience to timely design, configure and implement and integrate the CPS to meet American Crystal's Minimum Requirements; and (d) Biwer would employ a software implementation methodology where requirements are documented, reviewed, and approved by American Crystal during the design phase before moving to the build phase to ensure the CPS met American Crystal's functional requirements and business needs.

(Id. ¶ 87 – emphasis added). According to American Crystal, these representations were false, and "Biwer knew, should have known, and/or was wreckless in failing to know, that such statements were false at the time they were made." (Id. ¶ 88). "Such misrepresentations by Biwer were wrongfully made in order to induce American Crystal to enter into the Agreements, and American Crystal reasonably relied upon such misrepresentations made by Biwer in retaining Biwer and entering into the Agreements." (Id. ¶ 89).

Counsel for the parties met and conferred in an attempt to resolve this non-dispositive motion. On September 6, 2019, Defense counsel called Plaintiff's counsel to request an amended complaint based on lack of specificity as to the fraudulent misrepresentation claim in the Complaint. (Carrigan Aff. ¶ 4). During the call, Plaintiff's counsel politely expressed skepticism, but agreed to consider the request. On that same day, Defense counsel sent an email to Plaintiff's counsel explaining in broad strokes why the Complaint lacks enough specificity about American Crystal's fraud claim to satisfy Rule 9(b) requirements. (Carrigan Aff. ¶ 4). In particular, Defense Counsel's email to American Crystal's attorney noted the following deficiencies:

- Paragraph 87 of the Complaint identifies Robert Biwer, Jr. "and others" as the

individuals who made fraudulent statements. It does not specify if American Crystal is claiming that Mr. Biwer made all of the misrepresentations listed in subparts (a) through (d) of Paragraph 87.

- The Complaint does not identify the "others" who made any of the misrepresentations listed in Paragraph 87.

- The way that paragraph 87 is phrased ("multiple material and false representations to employees…including without any limitation or exclusion, the following") it is not clear if the 4 listed misrepresentations is the full menu of the fraudulent statements claimed by American Crystal. "If there are more, we would want specificity."

(Ex. 2 – Carrigan-O'Shea email messages). The September 6th email message from Defense Counsel concluded, "we would like to see an amended pleading which answers [sic] explains the 'who, what (content) and when' of each fraudulent statement that is within the scope of Count 2 of American Crystal's Complaint." (Id.).

On September 10, 2019, Plaintiff's counsel sent a responsive email stating that "American Crystal believes it has provided more than the necessary amount of detail in the Complaint. In addition to the allegations provided in Paragraphs 87-91, the Complaint provides extensive details regarding Biwer's fraudulent misrepresentations, including for example in Paragraphs 22-27, 30, 31, 33-35, 48, 49, and 63-66." (Ex. 2 – Carrigan-O'Shea email messages). According to Plaintiff's counsel's email message, the Complaint includes "substantial details" and is not so vague that Biwer cannot reasonably prepare a response. (Id.).

## ARGUMENT

Biwer's motion for a more definite statement pertains to American Sugar's fraudulent misrepresentation claim, which is subject to special pleading requirements. A

properly pled claim for fraudulent misrepresentation "must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To satisfy this particularity requirement, "the complaint must allege such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). In other words, in order to survive a motion to dismiss, plaintiffs "must identify the who, what, where, when and how of the alleged fraud." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). The purpose of the heightened pleading standard is to give defendants an opportunity to respond quickly and accurately to damaging fraud allegations. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 555 (8th Cir. 2006).

Under Rule 12(e) of the Federal Rules of Civil Procedure, a defendant like Biwer may move for a more definite statement where a complaint "so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). The moving party is required to "point out the defects complained of and the details desired." Id. When examining whether a more definite statement is required under Rule 12(e), the only question is whether it is possible to frame a response to the pleading. *Century 21 Shows v. Owens*, 400 F.2d 603, 607 (8th Cir. 1968).

Biwer's motion for a more definite statement must be granted because multiple deficiencies in paragraph 87 of the Complaint make American Crystal's fraud allegation too vague for Biwer to reasonably be expected to formulate a responsive pleading. Here

7

is an annotated version of paragraph 87 which has been marked to reflect the sources of ambiguity in American Crystal's fraud claim:

> As set forth above, commencing on or about <u>June 1, 2018 and continuing through the relationship</u>, Biwer, <u>through individuals including Biwer's President, Robert A. Biwer, Jr., and others</u>, made <u>multiple material and false representations to employees of American Crystal</u>, <u>including without any limitation or exclusion</u>, the following: (a) Biwer had the capability and/or intention to provide consultants who had the necessary skills, experience, and industry expertise in agricultural cooperatives; (b) Biwer had the capability, skills, and industry expertise to understand, gather, and document American Crystal's complex business processes and requirements; (c) Biwer had the capability, skills, and experience to timely design, configure and implement and integrate the CPS to meet American Crystal's Minimum Requirements; and (d) Biwer would employ a software implementation methodology where requirements are documented, reviewed, and approved by American Crystal during the design phase before moving to the build phase to ensure the CPS met American Crystal's functional requirements and business needs.

(Complaint ¶ 87 – emphasis added). Keeping in mind that American Crystal is required to specify in its Complaint the "who, what, where, when and how" of any allegations of fraud, there are three major defects in the Complaint that prevent Biwer from being able to formulate a response to the fraud claim.

### A. When was each fraudulent statement made?

The Complaint alleges that the false representations commenced "on or about June 1, 2018 and continuing through the relationship." (Complaint ¶ 87). That relationship lasted until at least June 19, 2019, according to the Complaint. (Id. ¶ 71). That covers a time period greater than one year, which is not very useful from the standpoint of identifying and responding to allegations about individualized statements of material fact. A properly pled fraud claim should specify when each fraudulent statement was made with greater than a one year time period of specificity.

8

### B. Who made each fraudulent statement?

The Complaint indicates that the fraudulent statements upon which the cause of action is based were made by "individuals including Biwer's President, Robert A. Biwer, Jr., and others." (Complaint ¶ 87). The Complaint does not identify any "others" affiliated with Biwer who made the statements listed in paragraph 87 of the Complaint. (Id.) Nor does the Complaint specify whether American Crystal is alleging that Robert Biwer, Jr. made some versus all of the individual misrepresentations listed in paragraph 87 of the Complaint. (Id.) By aggregating the misrepresentations together in one group as American Crystal has done in paragraph 87, it is not possible for Biwer to decipher who exactly is alleged to have made each of the false representations listed in that paragraph. If this claim was properly pled, American Crystal should attribute a speaker to each fraudulent statement.

### C. What are all of the fraudulent statements?

The fraudulent misrepresentation claim in the Complaint refers to "multiple" material and false representations that were made by Biwer to American Crystal. (Id. ¶ 87). The Complaint states that the "multiple" misrepresentations "includ[e] without any limitation or exclusion" a list of four different subject matters that. (Id.). In other words, American Crystal's Complaint lists four subject matter areas under which Biwer personnel allegedly made false representations, but states there may be others as well. Had the fraud claim been properly pled, American Crystal's Complaint would identify the content of each material false statement of fact which forms the basis of the fraud cause of action.

9

In order to satisfy the requirements of Rule 9(b) and its requirement to plead a fraud claim with enough circumstantial information to allow preparation of a meaningful Answer, American Crystal should be required to amend its Complaint to provide sufficient details to answer each of the three basic questions identified above. Without an amendment of the Complaint, paragraph 87 of the Complaint – which is the heart of American Crystal's fraud claim – requires Biwer to guess where and when within a one year time period that a material misrepresentation was made, who allegedly made the misrepresentations, and what was the content of each material misrepresentation. Without an amendment, American Crystal's fraud claim is one large clump of commingled misrepresentations that leaves individual misrepresentations vague as to time, place, speaker and content. Therefore, in order to permit Biwer to formulate a meaningful responsive pleading, American Crystal must provide a more definite statement of its fraud claim in an amended pleading.

## CONCLUSION

Based on the arguments above, Biwer & Associates, Inc., is entitled to a more definite statement of the fraud claim in American Crystal's Complaint. More specifically, American Crystal should be required to serve an amended complaint which includes the following information:

(1) The content of each fraudulent statement included in American Crystal's fraud claim;

(2) The identity of the individual who made each fraudulent statement; and

(3) The time and place when each fraudulent statement was made to

American Crystal.

                              ARTHUR, CHAPMAN, KETTERING,
                              SMETAK & PIKALA, P.A.

Dated: September 23, 2019        s/Timothy J. Carrigan
                                          Eugene C. Shermoen, Jr. (#183246)
                                           Timothy J. Carrigan (#0338412)
                                           500 Young Quinlan Building
                                           81 South Ninth Street
                                           Minneapolis, MN 55402-3214
                                           P: (612) 339-3500
                                           F: (612) 339-7655
                                           ecshermoen@ArthurChapman.com
                                           tjcarrigan@ArthurChapman.com

                                           *Attorneys for Defendant Biwer & Associates, Inc.*